NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**FRANK PALACIOS,**
*Plaintiff-Appellant,*

v.

**UNITED STATES,**
*Defendant-Appellee.*

---

2012-5028

---

Appeal from the United States Court of Federal Claims in case no. 11-CV-259, Senior Judge Robert H. Hodges, Jr.

---

## ON MOTION

---

Before RADER, *Chief Judge*, and GAJARSA and REYNA, *Circuit Judges.*

PER CURIAM.

### ORDER

The United States moves for summary affirmance of the United States Court of Federal Claims's dismissal of Frank Palacios's wrongful military discharge complaint. Mr. Palacios opposes. The United States replies.

## I

Mr. Palacios received an Other Than Honorable discharge from the United States Marine Corps in 1995. In 2002, Mr. Palacios appealed the discharge to the Naval Discharge Review Board ("Review Board"). The Review Board denied his appeal. In 2009, Mr. Palacios sought a personal appearance hearing before the Review Board, which was denied. At that time, the Review Board stated that the Board for Correction of Naval Records ("Correction Board") was the proper avenue for redress, because Mr. Palacios had argued that a medical component was a factor in his discharge. Mr. Palacios appealed to the Correction Board, asking that his discharge be upgraded to Medical, Honorable, or General. The Correction Board denied his request. In April 2011, approximately 16 years after his discharge, Mr. Palacios filed a complaint with the Court of Federal Claims challenging the 1995 discharge.

## II

Before the Court of Federal Claims, the United States filed a motion to dismiss for lack of subject matter jurisdiction because Mr. Palacios's complaint was barred by the six-year statute of limitations. *See* 28 U.S.C. § 2501. The Court of Federal Claims noted that Mr. Palacios admitted that the statute of limitations began to run when he was discharged in 1995. *See also Martinez v. United States*, 333 F.3d 1295, 1303 (Fed. Cir. 2003) ("this court and the Court of Claims have long held that the plaintiff's cause of action for back pay accrues at the time of the plaintiff's discharge"). The Court of Federal Claims considered Mr. Palacios's argument that the Supreme Court's decision in *Henderson v. Shinseki*, 131 S.Ct. 1197 (2011), should permit the trial court to apply an equitable reading of the statute of limitations to his case.

In granting the United States' motion to dismiss, the trial court noted that the Supreme Court had previously held in *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130 (2008), that the specific statute of limitations at issue here, 28 U.S.C. § 2501, is jurisdictional and cannot be waived or equitably tolled. The Court of Federal Claims further observed that the Supreme Court's analysis in *Henderson* reinforced *John R. Sand & Gravel*. The Court of Federal Claims stated:

> The Court explained in *Henderson* that where the Court's interpretation over many years has been to treat a rule as jurisdictional, it is presumed that Congress intended to follow that course. The Court cited its ruling on § 2501 from *John R. Sand* as an example of such a long-standing interpretation. *Henderson*, 131 S.Ct. at 1203 (citing *John R. Sand*, 552 U.S. at 133–34); *see also San Carlos Apache Tribe v. United States*, 639 F.3d 1346, 1349 (Fed. Cir. 2011) (recognizing after *Henderson* was issued that section 2501 is jurisdictional as applied to this court).

*Palacios v. United States*, 100 Fed. Cl. 656, 658 n.3 (2011).

Mr. Palacios now appeals the Court of Federal Claims's dismissal order. The United States has moved for summary affirmance of that dismissal order.

### III

Summary disposition of a case "is appropriate, *inter alia*, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994).

Mr. Palacios states that he "asks this Court to overrule the binding precedent relied on by the [Court of

Federal Claims], which construes § 2501 as jurisdictional and not subject to equitable considerations." Regardless of whether this court would overrule its own precedent, if sitting en banc, we certainly cannot overrule Supreme Court precedent.

The Supreme Court has expressly stated that the statute of limitations at issue here, 28 U.S.C. § 2501, is jurisdictional and cannot be tolled. *See John R. Sand & Gravel*, 552 U.S. at 130. Further, this court has not overturned its en banc holding in *Martinez*, 333 F.3d at 1303, that a cause of action to challenge a military discharge accrues at the time of the discharge. As a panel, we cannot ignore this clearly controlling precedent.

Mr. Palacios also argues that the Supreme Court's decision in *Henderson* suggests that we can revisit the jurisdictional nature of 28 U.S.C. § 2501. The Court's decision in *Henderson* did not expressly modify the holding of *John R. Sand & Gravel*. In fact, the Court explained in *Henderson* that "[w]hen a long line of this Court's decisions left undisturbed by Congress has treated a similar requirement as 'jurisdictional,' we will presume that Congress intended to follow that course." *Henderson*, 131 S.Ct. at 1203 (citing *John R. Sand & Gravel*, 552 U.S. 130) (internal quotations and citations omitted)). Had the Court intended its holding in *Henderson* to reverse its holding in *John R. Sand & Gravel* regarding the jurisdictional nature of 28 U.S.C. § 2501, we cannot imagine that it would have cited that case as it did for the proposition that the court has long held that statute to be jurisdictional.

In sum, no substantial question exists as to the outcome of the disposition of this appeal by the panel. Therefore, we grant the government's motion for summary affirmance.

Accordingly,

IT IS ORDERED THAT:

The motion for summary affirmance is granted.

FOR THE COURT

**MAR 0 8 2012**
_____
Date

/s/ Jan Horbaly
_____
Jan Horbaly
Clerk

cc:  Michael D.J. Eisenberg, Esq.
Daniel B. Volk, Esq.

s25

**FILED**
**U.S. COURT OF APPEALS FOR**
**THE FEDERAL CIRCUIT**

**MAR 0 8 2012**

**JAN HORBALY**
**CLERK**